PER CURIAM.
| denied. The application was not timely filed in the district court, and relator fails to ‘carry his búrden to show that an exception applies. La;C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189.
Relator has now fully litigated three applications for post-cónviction relief in state court. Similar to federal habea's relief, see 28 U.S.C. § 2244, Louisiana postconviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8.- Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. . Relator’s claims have now- been fully litigated, in accord with La.C.Cr.P. art. .930.6, and this denial is final. Hereafter; unless, he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.